## HANN v. DARNELL.

(Circuit Court of Appeals, Fifth Circuit. November 12, 1917. Rehearing Denied January 24, 1918.)

### No. 3112.

MASTER AND SERVANT ⬸107(2)—MASTER'S LIABILITY FOR DEATH OF SERVANT —PLACE FOR WORK.

Defendant, who was a nonresident, by a manager and clerk conducted a shoe store in a leased building. An adjoining building was burned, but a wall next to the shoe store and two or three stories higher was left standing, and after inspection by builders was allowed to remain to be used in rebuilding. Defendant's manager called in the city building inspector, who examined the wall and pronounced it safe. The employés remained at work in the store, but were both killed by the falling of the wall during a storm. The wall was not on the leased property, and defendant had no control over it. *Held*, that he was not chargeable with failure to exercise reasonable care to furnish the employés a reasonably safe place to work, which rendered him liable for the death of an employé.

In Error to the District Court of the United States for the Northern District of Alabama; Wm. I. Grubb, Judge.

Action at law by Mrs. Jimmie Sue Darnell, administratrix of the

estate of George W. Darnell, deceased, against Charles Hann. Judgment for plaintiff, and defendant brings error. Reversed.

Borden Burr and Augustus Benners, both of Birmingham, Ala., for plaintiff in error.

G. R. Harsh, of Birmingham, Ala., for defendant in error.

Before WALKER and BATTS, Circuit Judges, and FOSTER, District Judge.

FOSTER, District Judge. In this case Mrs. Jimmie Sue Darnell, defendant in error, brought suit, as administratrix, against Charles Hann, plaintiff in error, to recover damages for the death of her husband, George W. Darnell, alleged to have been caused by the negligence of Hann in not furnishing the deceased with a reasonably safe place to work. At the close of the evidence the defendant moved for a verdict in his favor, which was denied. The case went to the jury, and resulted in a verdict for the plaintiff. Error is assigned to the action of the court in denying the motion for the general charge.

The undisputed facts are these: Hann was the proprietor of a shoe store in Birmingham. He lived in Boston, visited Birmingham occasionally, and operated his store in Birmingham through Alexander McLeod, as manager. The building next to Hann's store in Birmingham burned, but there was left standing a wall, which extended two or three stories above the roof of his store. The débris was cleared out of the burned building, and the wall was inspected by competent builders and left standing; the intention being to use it in the reconstruction of the building. Hann had no control over the burned building and no interest in it. The wall was separate from the wall of the building in which his store was located. He leased his store. After the fire McLeod called in the city building inspector, whose duty it was to investigate the safety of buildings in Birmingham, and who had the authority to order the wall demolished if he deemed it unsafe. That official inspected the wall and told McLeod that the wall was not cracked, that it was in good condition and standing plumb and straight, and later he told the clerks in Hann's store, in order to allay any fears on their part, that the wall was all right. So far as appeared from the evidence, Hann's employés knew as much or more than he did of the condition of the wall, and McLeod and the other employés seemed to have relied in good faith on the assurance of safety given by, or implied from, the statements made to them by the building inspector. Hann continued to occupy his store, and McLeod and Darnell continued at work in it. Some four months after the fire the wall of the burned building fell during a storm, and crushed in Hann's store, killing both McLeod and Darnell.

Upon the facts stated, we think defendant was entitled to the peremptory instruction asked. Hann was required to use all reasonable care to provide his employés with a reasonably safe place to work. He was charged with no duty to demolish the wall, and did not have

the right to do so. He invoked the action of the proper city official, and, under the circumstances, was entitled to rely upon his opinion. Therefore he was not guilty of negligence in continuing to occupy his store.

It follows that the judgment must be reversed.